Leonard R. Berman
9220 SW Barbur Blvd., Suite 119, Box 180
Portland, OR 97219
(503) 516-3715
OSB # 96040
Easyrabbi@yahoo.com

ATTORNEY FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
(Portland Division)

| | |
|---|---|
| DERRICK LYONS, BRIDGETTE LEWIS, TIFFANIE LEWIS, And A Class of Individuals Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> COLETTE S. PETERS, Personally, <br> MIKE GOWER, Personally, <br> OFFICER HELTON, Personally, <br> DENNIS TIMMINS, Personally, <br> RICK ANGELOZZI, Personally, <br> BRIDGETTE AMSBERRY. Personally, <br> BRANDON KELLY, Personally, <br> BRIAN BELLEQUE, Personally, <br> ROB PERSSON, Personally, <br> JOHN DOES 1-10, JANE DOES 1-10, <br>     Defendants, | Case No. 3:17-CV-730 <br><br> CLASS ACTION COMPLAINT <br> (Claims for Damages, <br> Including Civil Rights Violations, <br> Deliberate Indifference to Health And <br> Safety, 42 USC Sec. 1982, <br> Eight Amendment Violations) <br><br><br> JURY TRIAL REQUESTED |

NATURE OF THE ACTION

1  CLASS ACTION COMPLAINT

1. Former Prisoner Plaintiffs and the current Prisoner Plaintiff Class are or were housedin the Oregon Department of Corrections ("ODOC") state prisons, and seek declaratory and injunctive relief against Colette Peters, (collectively, "Defendants") in their personal and official capacities. Prisoner Plaintiffs and the Plaintiff Class are entirely dependent on Defendants for their basic health care and food and nutrition. However, the system under which Defendants Colette Peters et al, provide nutrition to prisoners is grossly inadequate and subjects all prisoners to a substantial risk of serious harm, including unnecessary pain and suffering, illness, pain and suffering, infections, digestive illnesses and diseases, and potentially death. For years, the food services department run by Defendant Oregon's prisons and officials has fallen short of minimum health, safelty, and nutrition. Defendants are deliberately indifferent to the substantial risk to former and current prisoners and their family members, and advocates about the risk of serious injury,of pain and suffering to prisoners, including deaths, which may occur due to Defendants' failure to provide minimally safe, proper and adequate nutrition, in violation of the Eighth Amendment. "A prison that deprives prisoners of basic sustenance, including adequate medical care, is incompatible with the concept of human dignity and has no place in civilized society." Brown v. Plata, 563 U.S. __, 131 S.Ct. 1910, 1928 (2011). By information and belief, the named facilities served, chicken and fish marked "not for human consumption." By information and belief, before scheduled state health inspections, officials would direct inmate workers to clean up the kitchen and remove "not for human consumption" marked food (fish and chicken) as well as green meat and moldy, spoiled food and put them in mobile refridgerator/freezer trucks, only to return the bad food to the kitchen after inspection.

    Plaintiffs seek injunctive relief to compel Defendants to immediately provide prisoner-Plaintiffs and the class members they represent with constitutionally adequate nutrition and sanitary food handling and with protection from unconstitutional conditions of confinement.

JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. This civil action seeks declaratory and injunctive relief under 28 U.S.C. §§1343, 2201, and and 42 U.S.C. § 1983.

## VENUE

3. Venue is proper under 28 U.S.C. § 1391(b), because the Defendants reside in the District of Oregon, and because a substantial part or all of the events or omissions occurred in Oregon.

## PARTIES

4. Plaintiff Derrick Lyons was a prisoner in various ODOC prisons, including Two Rivers (TRCI), Columbia River (CRCI), and Oregon State Penitentiary (OSP). Plaintiff Bridgette Lewis was a prisoner at Coffee Creek Correctional Facility (CCCF) Plaintiff Tiffanie Lewis was a prisoner at Coffee Creek Correctional Facility (CCCF).

5. The following are state employees who were acting within the course and scope of their employment. COLETTE S. PETERS is the Corrections Director. BRIAN BELLEQUE, is the Acting deputy Director. MIKE GOWER is the Operations assitant director. OFFICER HELTON and OFFICER TIMMINS, are CCCF food managers. The following are facility superintendents: RICK ANGELOZZI (CRCI). BRIDGETTE AMSBERRY (TRCI), BRANDON KELLY (OSP), ROB PERSSON (CCCF).

## FACTS

6. Plaintiff Derrick Lyons was a prisoner in Two Rivers (TRCI) from April 2015 to February 2016. While there he worked in plant operations and landscaping and had opportunity to see kitchen food boxes including a green box of Chicken from Fiji that looked, smelled and tasted nasty and appeared to be not for human consumption, but not so marked. He would also see see green and grey spooted meats and hams about to rot and was served, wilted lettuce, milk usually sour and

spoiled. He also witnessed "Not for Human Consumption" fish in CCCF in 2013.

7. From February to October 2016, in CRCI, Mr.Lyons witnessed similar kitchen violations, with putrid food, such as slimy wilted lettuce, spoiled milk, grren meats, inedible chicken products, suspect putrid meatloaf of unknown origin.

8. From to October 2016 to March 21, 2017, in OSP, Mr.Lyons witnessed similar kitchen violations, with putrid food, such as slimy wilted lettuce, spoiled milk, green meats, inedible chicken products, and rancid meat.

9. As a result of these diets, he was often nauseated at and after meals and suffered abdominal and intestinal distress, pain and discomfort regularly.

10. Plaintiff Bridgette Lewis was a prisoner at Coffee Creek Correctional Facility (CCCF) and in July 2013, she worked in Warehousing in the CCCF kitchen. She witnessed the delivery of food unfit for human consumption being prepared and served to her and fellow inmates, from previous years of such unfit food service. She handled boxes of fish that are used for bait and marked "Not for human consumption (NHC)" and compelled to eat them or starve. She witnessed the return of the fish as ground product that reeked and tasted horrible when it was returned to the menu and on her plate starting on or about July 1, 2015. She continued to be forced to consume substandard fish, meat, breads, sour milk, etc. until her release on or about June 15, 2016. She filed a Notice ofTort Claim on the fish on or about October 2, 2015. Helton and Timmins ordered Bridgette to serve the substandard food over her objections.

11. As a result of these diets, she was often nauseated at and after meals and suffered abdominal and intestinal distress, pain and discomfort regularly.

12. Plaintiff Tiffanie Lewis was a prisoner at Coffee Creek Correctional Facility (CCCF) and worked in the kitchen from January to mid April 2015. She was released in Mid-May. While in the kitchen she witnessed and served NHC fish and other spoiled milk, meats and produce. She was available to largely avoid the inferior food while in the kitchen as staff, however her last month from mid-April to mid-May she was compelled to eat said putrid fare or starve. She also prepared prime beef roasts in the CCCF kitchen for firefighters and satff,

howvere CCCF inmates were never served such prime delicacies.Helton and Timmins ordered Bridgette to serve the substandard food over her objections.

13. As a result of these diets, she was often nauseated at and after meals and suffered abdominal and intestinal distress, pain and discomfort regularly.

**FIRST CAUSE OF ACTION**
**Eighth Amendment**
**(Cruel and Unusual Punishment)**

**First Calim For Relief**

14. As applicable, plaintiff incorporates the above.

15. Derrick Lyons, Bridgette Lewis and Tiffanie Lewis, as former prisoners, were entitled to be free from cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments to the U.S. Constitution. The prohibitions against cruel and unusual punishment apply to jail and prison conditions.

16. The acts and omissions of all defendants Peters et al, enumerated above, who had a constitutional duty to protect plaintiffs and fellow inmates from violations of the Eighth and Fourteenth Amendments to the United States Constitution, amunted to a deliberate indifference to their nutritional and health needs. Defendants violated the requirements of the Eighth Amendment by providing spoiled, substandard, and literally marked "not for human consumption" comestibles to inmates as though they were yard animals.

17. Defendants were deliberately indifferent to threats to inmate health, safety and nutrition when it was plain on its face, taste, touch, sight and smell, that food was either spoiled and not fit for human consumption or actually marked "not fit for human consumption," and defendants authorized and ordered serving said food over inmate worker objections.

18. Pursuant to 42 USC § 1988, plaintiff should be awarded attorney fees and litigation expenses/costs against all defendants named in this claim.

## Second Claim For Relief

### (Deliberate Indifference to Serious Health Threat)

19. As applicable, plaintiffs incorporates the above.

20. In the alternative, defendants Peters and her employees demonstrated a deliberate indifference to serious inmate health and nutritinal needs when they:

a. Failed to maintain santiary conditions and serve unspoiled, healthy and nutritious food, and instead served food marked "not for human consumption," spoiled milk, wilted produce and moldy breads.

b. Failed to allow unscheduled health inspections, and instead hiding health code violations prior to inspections and returning the food after inspection.

21. As a result of the above, plaintiffs are entitled to an award of economic and non-economic damages against defendants in amounts to be determined at trial.

22. Plaintiff should be awarded costs, including expert witness fees, against defendants

23. Plaintiff requests a jury trial.

## **DEMAND FOR PUNITIVE DAMAGES**

24. The actions of the Individual Defendants, detailed herein are outrageous, in that they involved a deliberate indifference to the nutritional health and safety of Lyons, Bridgette Lewis and Tiffanie Lewis, and a class of others previously and currently similarly-situaed and allowed ongoing, long-term pain, suffering, likely illness and misnutrition and malnutrition inmates in ODOC custody.

PRAYER FOR RELIEF

25. Plaintiffs and the classes they represent have no adequate remedy at law to redress the wrongs suffered as set forth in this complaint. Plaintiffs have suffered and current incarcerated class members will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of Defendants Peters, et al as alleged herein, unless Plaintiffs and the classes they represent are granted the relief they request. The need for relief is critical because the rights at issue are paramount under the United States Constitution and the laws of the United States.

WHEREFORE, the named plaintiffs and the classes they represent request that this Court grant them the following relief:

A. Declare that the suit is maintainable as a class action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(1) and (2);

B. Adjudge and declare that the acts, omissions, policies, and practices of Defendants, and their agents, employees, officials, and all persons acting in concert with them under color of state law or otherwise, described herein are in violation of the rights of prisoner Plaintiffs and former prisoner plaintiffs and the classes they represent under the Cruel and Unusual Punishments Clause of the Eighth Amendment, which grants constitutional protection to the Plaintiffs and the class they represent;

C. Preliminarily and permanently enjoin Defendants, their agents, employees, officials, and all persons acting in concert with them under color of state law, from subjecting current prisoner Plaintiffs and the Plaintiff Class to the illegal and unconstitutional kitchen and dietary conditions, acts, omissions, policies, and practices set forth above.

D. Order Defendants and their agents, employees, officials, and all persons acting in concertwith them under color of state law, to develop and implement, as soon as practical, plan to eliminate the substantial risk of serious harm that prisoner Plaintiffs and members of the Plaintiff Class suffer due to Defendants' inadequate nutrition and saitation policies. Defendants' plan shall include at a minimum the following:

7  CLASS ACTION COMPLAINT

1. Environmental Conditions: Basic sanitary conditions that do not promote the spread or exacerbation of diseases or infections, including but not limited  dining areas and food preparation areas free of contaminants and unfit for human consumption comestibles.

2. Quality Assurance: A regular assessment of health care and food service staff, services, procedures, and activities designed to improve outcomes, and to identify and correct errors or systemic deficiencies;

E. Award former inmate Plaintiffs economic and non-economic damage including punitive

damages, the costs of this suit, and reasonable attorneys' fees and

litigation expenses pursuant to 42 U.S.C. § 1988, and other applicable law;

F. Retain jurisdiction of this case until Defendants have fully complied with

the orders of this Court, and there is a reasonable assurance that Defendants will continue

to comply in the future absent continuing jurisdiction; and

 G. Award such other and further relief as the Court deems just and proper.


Respectfully submitted by:

Dated:  May 9, 2017.

                                                  S//S Leonard R. Berman
                                                  _____
                                                  Leonard R. Berman, OSB # 96040
                                                  **ATTORNEY FOR PLAINTIFFS**